IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:13-cv-4084-M-BN |
| ROBERT RAMIREZ AND ALL OTHER OCCUPANTS, | § § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Defendant Robert Ramirez, proceeding *pro se*, has removed this civil action arising out of eviction proceedings brought in state court by Plaintiff Federal National Mortgage Association to this Court on grounds of diversity jurisdiction. After reviewing the notice of removal, the undersigned *sua sponte* questioned whether removal is proper. As a result, the undersigned issued an order permitting Defendant to provide facts supporting diversity jurisdiction, which is alleged in Defendant's notice of removal. *See* Dkt. No. 6. Plaintiff then filed a motion to remand on October 29, 2013,

arguing that remand is required because, among other reasons, the Court lacks subject matter jurisdiction and the removal contravened 28 U.S.C. § 1441(b)'s forum-defendant rule. *See* Dkt. No. 8. Defendant has not timely responded to the Court's order or Plaintiff's motion to remand.

The undersigned concludes that the removal of this action was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and that Defendant has failed to meet his burden to establish that federal jurisdiction exists over Plaintiff's forcible detainer action. Plaintiff's motion to remand [Dkt. No. 8] should be granted.

## Legal Standards and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The undersigned finds remand to be appropriate on the basis of the forum-defendant rule, which Plaintiff has raised. *See* Dkt. No. 8 at 1; Dkt. No. 8-1 at

4 at 6. Defendant has represented that all of the Defendants are citizens of Texas – the same state where Plaintiff filed the underlying eviction proceeding. *See* Dkt. No. 3 at 2-3. And Defendant admittedly was properly joined and served in the state court action. *See id.* at 1. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is defective). Accordingly, the case should be remanded for this reason alone.

As discussed more fully below, however, the undersigned also concludes that the Court lacks subject matter jurisdiction because the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

Defendant's Notice of Removal asserts that this Court has jurisdiction because this matter "is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." Dkt. No. 3 at 1. That is because, according to Defendant, the fair market value of the property at issue exceeds $75,000. *See id.* at 2. Defendant cites to the Dallas Central Appraisal District, without reference to a document or exhibit, in support of his position. *See id.*

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (citing cases). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue.

Here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property or that the value of that right exceeds $75,000. Despite Defendant's claims, evidence of a property's fair market value is not evidence of the value of the right to possess the property for purposes of establishing the amount in controversy in a removed eviction proceeding. *See Fed. Nat'l Mortg. Ass'n v. Salako,* No 3:13-cv-722-O-BF, 2013 WL 1703570, at *2 (N.D. Tex. Mar. 27, 2013), *rec. adopted*, 2013 WL 1715315 (N.D. Tex. Apr. 19, 2013); *see also Wells Fargo Bank v. Matts,* No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases). Accordingly, the undersigned concludes that Defendant has failed to satisfy the burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a).

Additionally, in the Notice of Removal, Defendant suggests that the Court has jurisdiction 28 U.S.C. § 1331. *See* Dkt. No. 3 at 1. Defendant provides no further facts supporting federal question jurisdiction. *See* Dkt. No. 3. This conclusory statement does not establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when

'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27- 28 (1983)). Defendant's removal papers otherwise are wholly unclear as to what constitutes the federal question or questions at issue.

Defendant has not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. And state court papers in the record show that Plaintiff did not raise any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action. *See* Dkt. No. 3; *accord Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."). Accordingly, Defendant has failed to satisfy the burden to show

that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009).

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction.

Although Plaintiff also asserts that remand is required because Defendant's removal of the case was untimely, this issue is mooted by the undersigned's conclusions that Defendant removed the case in contravention of the forum-defendant rule and, additionally, that the Court lacks subject matter jurisdiction over the action. The Court therefore need not decide the timeliness issue.

In its motion to remand, Plaintiff also requests an award of its attorneys' fees and costs incurred as a result of Defendant's removal. *See* Dkt. No. 8 at 1; Dkt. No. 8-1 at 4-5. An award of attorneys' fees and costs under 28 U.S.C. § 1447(c) is within the Court's discretion. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). While this case should have not been removed, the undersigned recommends that, in the interest of justice, the Court exercise its discretion to not award attorneys' fees and costs to Plaintiff in light of Defendant's *pro se* status. *See Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, at *5 (N.D. Tex. Nov. 16, 2010) (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*); *see generally Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

**Recommendation**

The undersigned concludes that the removal of the action *Federal National Mortgage Association v. Robert Ramirez and All Occupants*, Cause No. CC-13-05061-C, was defective because it contravened 28 U.S.C. § 144l(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over this action, as removed and docketed as Case No. 3:13-cv-4084-M-BN. Accordingly, the undersigned recommends that the Court grant Plaintiff's Motion to Remand [Dkt. No. 8] and remand the action to County Court at Law No. 3, Dallas County, Texas, from which it was removed. The undersigned also recommends denying Plaintiff's request for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 22, 2013

_____

DAVID L. HORAN

UNITED STATES MAGISTRATE JUDGE